# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT WIRELESS TECHNOLOGIES, LP, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 2:19-cv-00025-JRG <br><br> Hon. Rodney R. Gilstrap |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO STAY

# TABLE OF CONTENTS

I.    The Procedural Posture of This Case Does Not Preclude A Stay Under the Customer-Suit Exception. .................................................................................................................................. 1

II.   The California Cases Will Resolve Apple's Liability in This Case. ..................................... 2

    A.   In Light of Rembrandt's Standards-Based Infringement Allegations and Apple's Offered Stipulation, the California Cases Will Resolve Liability of All Accused Products... 2

    B.   Apple's Proposed Stipulation Eliminates the Risk of Further Litigation Against the Same Accused Products. ................................................................................................................ 2

    C.   The Stipulation Binds Apple to the Outcomes in California. .......................................... 4

III.  Conclusion ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co*,
    2016 WL 1659924, at *4 (E.D. Tex. Apr. 26, 2016) .................................................................5

*Fresenius USA, Inc. v. Baxter Intern., Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013) ............................................................................................4, 5

*In re Google Inc.*,
    588 F. App'x 988 (Fed. Cir. 2014) .......................................................................................1, 4

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 204) ..............................................................................................1, 5

In its Opposition to the Motion ("Opp. Br."), Rembrandt attempts to identify, and in some instances manufactures, facts that distinguish this case from other cases in which courts, including this Court, have granted motions to stay based on the customer-suit exception. But none of Rembrandt's facts is material and none distinguishes this case from the other cases where this Court and others have granted customer-suit exception stays.

## I. The Procedural Posture of This Case Does Not Preclude A Stay Under the Customer-Suit Exception.

Rembrandt argues incorrectly that the sequence of filing of its actions somehow distinguishes this case from other customer-suit exception cases. Opp. Br. at 4-6. Rembrandt's allegation that Broadcom and Qualcomm did not file declaratory judgment actions is neither correct nor dispositive of Apple's motion. *Id.* at 5. Broadcom and Qualcomm have indeed sought declaratory relief in both California cases, through asserting counterclaims of noninfringement and invalidity with respect to the same patent claims asserted here. *See e.g.*, Dkt. 74-1 at 11-29 (Broadcom's DJ Counterclaims).

The policy behind the customer suit exception is not as limited as Rembrandt alleges, but is truly for relieving "the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute," *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1364 (Fed. Cir. 204), and for heeding the "strong preference" for avoiding simultaneous litigation by two district courts on the same issues of liability (infringement and invalidity), *In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014). Both of these policies are satisfied here, where Apple's liability will be entirely resolved in Rembrandt's suits against Broadcom and Qualcomm. So, while the sequence of events may differ, the legal posture is identical to the typical customer-exception case.

##   II.     The California Cases Will Resolve Apple's Liability in This Case.

Applying the Federal Circuit's three-factor test strongly supports a customer-suit stay in this case. None of Rembrandt's arguments suggest otherwise.

### A. In Light of Rembrandt's Standards-Based Infringement Allegations and Apple's Offered Stipulation, the California Cases Will Resolve Liability of All Accused Products.

Rembrandt argues that the exception should not be applied because Broadcom and Qualcomm (which Rembrandt calls the "Chipset Defendants") are not the only designers of accused Bluetooth chips; a small percentage of Accused Products have Apple-designed chips. Opp. Br. at 7-8. But Apple has negated this concern by stipulating that the resolution of the California cases, on issues of infringement and invalidity, will be dispositive as to all claims of infringement against Accused Products with Apple-designed chips.

### B. Apple's Proposed Stipulation Eliminates the Risk of Further Litigation Against the Same Accused Products.

Rembrandt's challenges to Apple's offered stipulation are without merit. First, Rembrandt contends that "infringement issues for the two chipset types are entirely distinct." Opp. Br. at 7. Rembrandt contends that "[i]ndependent fact issues exist for devices and underlying components" and that "Apple's own conduct may be relevant to a finding of infringement for its devices." Opp. Br. at 8. These assertions, without citation to any factual support, are belied by Rembrandt's Infringement Contentions in this case and the California cases, each of which is a copy of each other relying only on language from Bluetooth standards.

Specifically, the infringement theory Rembrandt relies on in its complaints in this case and in both of the California cases is that chips that perform the enhanced data rate ("EDR") functionality described in the Bluetooth 2.0 standard (or higher, that is, 3.0, 4.0, etc.) necessarily infringe the three asserted claims of the patents-in-suit. Apple Mot. at 3. Rembrandt expressly articulates this theory again in its Infringement Contentions in this case and the two California

2

cases.  Dkt. 84 at 12 (Rembrandt admitting: "Rembrandt's infringement contentions are based on the public Bluetooth standard.").  Hence, according to Rembrandt's complaints and its Infringement Contentions in all three cases, the semiconductor chips designed by Broadcom, Qualcomm, and Apple, respectively, all allegedly infringe the asserted claims of the patents-in-suit for the same reason -- they provide EDR functionality according to a *standard*.  There are no "infringement issues" that make Apple's stipulation ineffective in ensuring that the California cases will decide the issue of Apple's liability flowing from all accused products in this case.  Source code differences, whether a chip is embedded in a device, or Apple's "conduct" have no bearing on Rembrandt's stated Infringement Contentions.

Second, Rembrandt's prosecution of its case against Samsung confirms that its allegations of "distinct" infringement issues (Opp. Br. at 7) ring hollow.  The *Samsung* case (No. 2:13-cv-00213-JRG-RSP) involved the same three patent claims at issue here and included allegations relating to Samsung products containing Broadcom Bluetooth chips.  According to Rembrandt, Samsung's products infringed *because* they contained Bluetooth chips that were capable of implementing Bluetooth standards having EDR functionality.  In proving its case there, Rembrandt's expert, Robert Morrow, professed to never have looked at the Broadcom source code that operated the Bluetooth chips, but nonetheless opined that infringement existed so long as the accused chips complied with the relevant Bluetooth standard.[1]  In other words, according to Rembrandt, source code was immaterial to infringement.  This notion is reflected in Rembrandt's Infringement Contentions here and in California.  Thus, Rembrandt's claim that "infringement issues for the two chipset types are entirely distinct" (Opp. Br. at 7) is only manufactured to avoid a stay.

---

[1] Dr. Morrow was Broadcom's expert in another case involving accused infringing Broadcom Bluetooth chips.  Thus, in *Samsung*, Rembrandt stipulated that Dr. Morrow may not have access to Broadcom's confidential information in any case involving the patents-in-suit here.

Finally, Apple's stipulation neither "deprive[s] Rembrandt of the right to independently litigate the infringement of Apple's chipsets" (Opp. Br. at 7) nor "provide[s] Apple with an infringement defense to which it would not normally be entitled." *Id.* at n.6. Rembrandt's standard-based infringement theory necessarily contradicts these arguments. According to Rembrandt, Apple chips that comply with the relevant Bluetooth standard infringe equally and for the same reason as any other chips that similarly comply. Rembrandt will have a full opportunity to prove infringement in the California under this same theory.

C.  **The Stipulation Binds Apple to the Outcomes in California.**

Rembrandt's challenge to Apple's stipulation as "ambiguous" and "provid[ing] no assurance that Apple is actually bound by any outcome in California" is without merit. Opp. Br. at 7. First, the scope of "final outcome" is clear. Opp. Br. at 11. "Finality" is a concept well-known in the law and it speaks to an outcome in which a determination has been made and from which there is no possibility of further appeal. *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340-45 (Fed. Cir. 2013). Reference in Apple's stipulation to a "final outcome" merely captures this concept, rather than revealing "an intent to evade any 'outcome' that is not 'final.'" Opp. Br. at 11. Further, the possibility of Broadcom or Qualcomm settling is no reason to reject the stipulation because settlement is possible in *every* customer-suit exception case, and Rembrandt cites no authority that such possibility mandates denying a motion to stay.

Second, Rembrandt contends that Apple shows no "intent" to be bound by adverse validity outcomes in California because the proposed stipulation preserves the effects of validity challenges in other proceedings. Opp. Br. at 11. Apple does intend to be bound, but of course, Apple's "intent" is irrelevant; what matters are the terms of the stipulation. Those terms are tied to the outcome in the California cases. The determination on validity at final judgment controls per the stipulation. If the patents are invalidated in some other final action before final judgment

4

in this case, the patents are invalidated, and the stipulation does not change this. *See Fresenius*, 721 F.3d at 1345.

Third, Rembrandt challenges Apple's stipulation because it is silent on damages. But resolution of infringement and validity is all that is required. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (staying case where plaintiff argued the "royalty rate" could be different in manufacturer's case). Rembrandt calls this a "carve out" but that is misleading; it is simply not an issue that must be resolved in the California cases to stay this case. *See id*. On this score, while Broadcom asserted an "extraterritoriality" defense as to direct infringement (Opp. at 13-14), that defense goes only to the quantum of damages, as Broadcom imports *some* chips, and thus allegedly performs an act that Rembrandt says infringes in the United States. Likewise, Rembrandt's induced infringement theory in the California cases are based on Apple being the direct infringer (*e.g.*, Apple infringes by using Broadcom chips in iPhones), and so the California cases will also reach Broadcom's and Qualcomm's liability under that theory.[2]

### III. CONCLUSION

Apple respectfully requests that the Court stay this action.

| | |
|---|---|
| Dated: November 18, 2019 | Respectfully submitted,<br><br>/s/ *David E. Sipiora*<br>David E. Sipiora (CO Bar No. 29759)<br>(Eastern District of Texas Member)<br>dsipiora@kilpatricktownsend.com<br>Edward J. Mayle (CO Bar No. 50920)<br>(*pro hac vice* motion pending)<br>**KILPATRICK TOWNSEND &<br>STOCKTON LLP** |

---

[2] Rembrandt cites *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co*, but that case is distinguishable because the asserted patents were method claims, while the asserted claims here are apparatus claims. 2016 WL 1659924, at *4 (E.D. Tex. Apr. 26, 2016) ("[C]ourts have declined to apply the customer-suit exception to cases in which the manufacturer is charged as the indirect infringer of a method patent and the retailer is charged as the direct infringer."). Here, Rembrandt asserts that a product infringes if it is capable of performing Bluetooth EDR functionality, *i.e.*, when such product contains a Bluetooth chip.

1400 Wewatta St., Ste 600
Denver, CO 80202
Telephone: 303-571-4000
Facsimile: 303-571-4321

Russell A. Korn (GA Bar No. 428492)
(Eastern District of Texas Member)
rkorn@kilpatricktownsend.com
Andrew N. Saul (GA Bar No. 627607)
(Eastern District of Texas Member)
asaul@kilpatricktownsend.com
**KILPATRICK TOWNSEND &
STOCKTON LLP**
1100 Peachtree Street NE, Ste 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Melissa R. Smith (Texas Bar No. 24001351)
melissa@gilmansmithlaw.com
**Gilliam & Smith, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

James R. Batchelder (CA Bar No. 136347)
(Eastern District of Texas Member)
James.Batchelder@ropesgray.com
Mark D. Rowland (CA Bar No. 157862)
(Eastern District of Texas Member)
Mark.Rowland@ropesgray.com
Gabrielle E. Higgins (CA Bar No. 163179)
(Eastern District of Texas Member)
Gabrielle.Higgins@ropesgray.com
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Tel: (650) 617-4000
Fax: (650) 617-4090

Josef B. Schenker (NY Bar No. 4935185)
(Eastern District of Texas Member)
Josef.Schenker@ropesgray.com
Jolene L. Wang (NY Bar No. 5462619)
(Eastern District of Texas Member)
Jolene.Wang@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas

        New York, NY 10036-8704
        Phone: (212) 596-9000
        Fax: (212) 596-9090

        **ATTORNEYS FOR APPLE INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 18, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ David E. Sipiora*

72679037V.1