# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT WIRELESS TECHNOLOGIES, LP, | § § § | |
| Plaintiff, | § § | Case No. 2:19-cv-00025-JRG |
| v. | § § | |
| APPLE INC., | § § | **Jury Trial Requested** |
| Defendant. | § § § § | |

# PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT APPLE'S MOTION TO STAY BASED ON CUSTOMER-SUIT EXCEPTION

**TABLE OF CONTENTS**

I.     Declaratory Judgment Counterclaims Do Not Implicate the First-to-File Doctrine........... 1

II.    None of the Customer-Suit Factors Supports a Stay. .......................................................... 1

      A.     Apple Is the "True Defendant" for the Accused Apple Products. .......................... 2

      B.     The California Litigation Will Not Dispose of Claims Against Apple. ................. 3

III.   Apple Presents No Argument Under the General Stay Analysis........................................ 5

IV.   Conclusion ......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) ................................................................................................................................... 4

*Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017) ................................................................................................................................................. 3

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, 2016 WL 231144 (E.D. Tex. Jan. 19, 2016) ........................................................................................................................... 5

*In re Google Inc.*, 588 F. App'x 988 (Fed. Cir. 2014) .................................................................. 1

*In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) .................................................. 1, 4

*Indiana State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960 (2009) ..................................... 5

*Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) .......................................................... 3

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349 (Fed. Cir. 2011) ........... 1

The facts in Rembrandt's opposition are undisputed. Apple's own conduct is relevant to a finding of infringement. For that reason, even if Apple's stipulation represented a proper agreement to be bound by litigation outcomes (which it is not), it would remain deficient because it proposes to let the Central District of California determine issues that will not be litigated in that court. The facts do not justify a stay, and Apple fails to meet its burden to show otherwise.

**I.      Declaratory Judgment Counterclaims Do Not Implicate the First-to-File Doctrine.**

Apple does not dispute that first-to-file considerations are absent from Rembrandt's ongoing litigation in California. Instead, Apple stakes its reply on ***counterclaims*** that the Chipset Defendants asserted in the California litigation which ***Rembrandt*** filed. These counterclaims do not represent the manufacturer-brought "separate declaratory judgment action" in a traditional first-to-file scenario, as the *Spread Spectrum* court explained. *See Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (manufacturer "filed an answer and counterclaim for declaratory judgment of invalidity and noninfringement," which did ***not*** implicate first-to-file considerations).

Because this legal posture does not implicate the first-to-file rule, the analysis for the customer-suit ***exception*** to that rule is not dispositive. Indeed, authorities cited in the reply do not show that the Court's analysis is constrained by the customer-suit factors. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1364-65 (Fed. Cir. 2014) (citing "general principles" from customer-suit exception "in that [manufacturer] is the true defendant"); *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014) (applying "flexible approach" where exception was not applicable).

**II.     None of the Customer-Suit Factors Supports a Stay.**

Despite Apple's assertions to the contrary, the Federal Circuit's three-factor test demonstrates that a stay is ***not*** warranted because the facts show that the Chipset Defendants are not "true defendant[s]" for any of the accused Apple products. Apple abandons its positions under

1

two of the customer-suit factors, resting the entirety of its motion on a deficient stipulation that undermines the very purpose of the customer-suit exception.

    A.    **Apple Is the "True Defendant" for the Accused Apple Products.**

As the document production in this case shows, Apple's own conduct is relevant to infringement for *all* accused products in this case. (*See* Opp. Br. at 7-10.) Given this unrebutted evidence, Apple is the "true defendant" under the customer-suit factors.

Attempting to blur the distinct issues of fact in the California litigation, Apple attacks Rembrandt's infringement contentions, which are premised on Bluetooth specifications in each case. This argument is unavailing. Apple ignores the purpose of these contentions, which relied on publicly available information in order to provide notice of Rembrandt's infringement theories prior to discovery. Despite Apple's representations to the contrary, the jury will be presented with far more infringement evidence than the Bluetooth specifications. Apple is well aware of this fact, as Rembrandt has undertaken the necessary steps to ███████████████████████████

Apple also misrepresents the record from the Samsung litigation. Rembrandt's expert, Dr. Morrow, offered his opinions about source code to the jury during trial. (Ex. B at 33:22-35:12.) While Dr. Morrow did not review Broadcom's source code to avoid the possibility of a conflict, he reviewed source code for Qualcomm, CSR, and Marvell chipsets. (*Id.* at 34:7-18.) His opinions further relied on the analysis of Broadcom source code performed by Dr. Chris Jones, who was also called by Rembrandt during the Samsung trial for infringement opinions about source code. (*Id.* at 125:2-126:7.)

The similarities in Rembrandt's pre-discovery infringement contentions cannot outweigh Apple's failure to present *any* argument that forecloses the relevance of its own conduct. Apple has not addressed ███████████████████████████. Apple is also silent on the importance of ███████████████████████████. (*See* Opp.

2

Br. at 8-10.) And not a single accused product in the California litigation comprises ▇▇▇▇▇▇▇▇▇▇▇ (*See id.* at 7-8.) Because it does not merely resell third-party chipsets, ▇▇▇▇▇▇▇▇▇▇▇ Apple is indeed the "true defendant."

### B.   The California Litigation Will Not Dispose of Claims Against Apple.

Having no support under two of the customer-suit factors, Apple doubles down on its proposed stipulation, but fails to remedy the deficiencies identified in Rembrandt's opposition. (*See id.* at 10-14.) <u>First</u>, Apple retreats from representations that it agrees to be "bound by any decision in the second-filed action." (*See* Mot. at 8-9 (citing *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, 2017 WL 365398, at *5 n.3 (E.D. Tex. Jan. 25, 2017)).) Now that Apple has clarified the proposed stipulation's verbiage, the agreement is plainly at odds with the touchstone of the customer-suit exception: whether "the disposition of one case would be dispositive of the other." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990). Agreeing to be bound only by final judgments is not the same as agreeing be bound by "any decision," and Apple cites no authority that reached a stay with such a noncommittal stipulation.

<u>Second</u>, Apple fails to explain the relevance of the California ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ According to Apple, Rembrandt "will have a full opportunity to prove infringement in California" for ▇▇▇▇▇▇▇▇▇▇▇ because Rembrandt could prove that **Broadcom and Qualcomm** chipsets comply with the Bluetooth specifications. (Reply at 4.) Even if one were to ignore Apple's improper reliance on broad pre-discovery infringement contentions to limit the fact issues, this argument is meritless. Whether Broadcom and Qualcomm devices comply with Bluetooth specifications has no bearing on ▇▇▇▇▇▇▇▇▇▇▇ There is no basis to accept Apple's stipulation and decide issues ▇▇▇▇ that will not be in the California litigation.

<u>Third</u>, although Apple argues that "resolution of infringement and validity is all that is

3

required," it cites no authority to this end. (Reply at 5 (citing *In re Nintendo*, 756 F.3d at 1366).) The ***plaintiff's*** contention that royalty rates differed had no bearing on the retailers' stipulation, which in any event was an agreement to "be bound by any judgment rendered by the transferee court." *In re Nintendo*, 756 F.3d at 1365. Moreover, because *In re Nintendo* used a "flexible approach," the court's opinion did not even discuss the stipulation factor. *See id.* at 1364-66.

<u>Fourth</u>, Apple's attempt to distinguish *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.* is unavailing. It concedes that the California court would need to determine Apple's direct infringement in order to find induced infringement for the Chipset Defendants (Reply at 5), which was a reason that the *Erfindergemeinschaft* court declined to apply the customer-suit exception. *Cf.* 2016 WL 1659924, at *3-*4 (E.D. Tex. Apr. 26, 2016).

<u>Finally</u>, Apple contends that the extraterritoriality defense goes only to the quantum of damages, but the implications of the defense are not so limited. For example, if Broadcom prevailed on summary judgment of noninfringement under this defense,[1] then infringement of ▇▇▇▇▇ that are incorporated into accused Apple products would no longer be relevant in the California litigation. Under these circumstances, the stipulation would provide Apple with a defense that is otherwise unavailable in this Court by tying Apple's liability to Broadcom's noninfringement. Furthermore, while the reply represents that "*some* chips" are outside the scope of the extraterritoriality defense (Reply at 5), Apple's counsel is in a position to know and disclose whether those chips are at issue in this case, as Broadcom is represented by the same outside counsel as Apple.[2]

---

[1] Broadcom sought summary judgment under an extraterritoriality defense in *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.* 2017 WL 2869332 (E.D. Tex. May 18, 2017).
[2] Rembrandt has served interrogatories on Broadcom in the California litigation on this issue. Broadcom, through the same counsel who represents Apple, has refused to allow Rembrandt to

4

As a result, the Court should not accept Apple's stipulation, and a stay would not dispose of Rembrandt's claims against Apple. None of the customer-suit factors supports a stay.

### III. Apple Presents No Argument Under the General Stay Analysis.

Given that Apple bears the burden to show a stay is justified, its failure to rebut Rembrandt's arguments under the general stay factors is detrimental to its motion. *See Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, 2016 WL 231144, at *1 (E.D. Tex. Jan. 19, 2016) (citing *Indiana State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009)).

Apple does not even ***acknowledge*** several arguments from Rembrandt's opposition (Opp. Br. at 14-15), let alone rebut them:

- A stay would confer a tactical advantage to Apple due to the disparity in prior knowledge between the courts regarding the asserted patents and accused technology;
- A stay would not simplify the issues because the California litigation does not address ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- Apple has a role in designing chipsets when it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ , which is relevant to infringement; and
- The trial date in this case precedes the trial date in the California litigation by ***at least*** five months, so a stay would delay access to justice.

Apple has also confirmed its intent to evade outcomes from the California litigation, rendering its stipulation valueless. The amount of time to reach a "final outcome" is indeterminate and would conceivably take ***years,*** as Apple is well aware. Because Apple's intent to be bound is illusory and trial is foreseeable in this Court, the stay and stipulation would severely prejudice Rembrandt. Accordingly, Apple has also failed to show that a stay is justified under the general factors.

### IV. Conclusion

Because Apple fails to show that a stay is justified, this Court should deny Apple's motion.

---

cite these responses, preventing Rembrandt from fully addressing this issue and putting to rest the implications Apple attempts to make.

| | |
|---|---|
| Dated: November 25, 2019 | Respectfully submitted, |
| | */s/ Amir Alavi*<br>Michael F. Heim (Texas Bar No. 09380923)<br>mheim@hpcllp.com<br>Eric Enger (Texas Bar No. 24045833)<br>eenger@hpcllp.com<br>Christopher First (Texas Bar No. 24095112)<br>cfirst@hpcllp.com<br>Blaine Larson (Texas Bar No. 24083360)<br>blarson@hpcllp.com<br>**HEIM, PAYNE & CHORUSH, LLP**<br>1111 Bagby St., Suite 2100<br>Houston, Texas 77002<br>Telephone: (713) 221-2000<br>Facsimile: (713) 221-2021 |
| | Demetrios Anaipakos (Texas Bar No. 00793258)<br>danaipakos@azalaw.com<br>Amir Alavi (Texas Bar No. 00793239)<br>aalavi@azalaw.com<br>Scott W. Clark (Texas Bar No. 24007003)<br>sclark@azalaw.com<br>Louis Liao (Texas Bar No. 24109471)<br>lliao@azalaw.com<br>Alisa Lipski (Texas Bar No. 24041345)<br>alipski@azalaw.com<br>Kyril Talanov (Texas Bar No. 24075139)<br>ktalanov@azalaw.com<br>**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**<br>1221 McKinney Street, Suite 3460<br>Houston, TX 77010<br>Telephone: 713-655-1101<br>Facsimile: 713-655-0062 |
| | T. John Ward, Jr.<br>Texas Bar No. 00794818<br>jw@wsfirm.com<br>**WARD & SMITH LAW FIRM**<br>1127 Judson Road, Suite 220<br>Longview, TX 75601<br>Telephone: (903) 757-6400<br>Facsimile: (903) 757-2323 |

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order (Dkt. No. 47) entered in this case.

*/s/ Louis Liao*
Louis Liao

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules CV-5(a) on November 25, 2019. As such, this document was served on all counsel of record pursuant to Local Rules CV-5(a)(3)(A) and the Federal Rules of Civil Procedure.

*/s/ Louis Liao*
Louis Liao