# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT WIRELESS TECHNOLOGIES, LP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-00025-JRG |
| APPLE INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Apple Inc.'s ("Apple") Motion to Transfer Venue (the "Motion"). (Dkt. No. 30.) By its Motion, Apple seeks transfer of the above-captioned action to the Central District of California pursuant to 28 U.S.C. § 1404(a). Having considered the Motion and for the reasons set forth herein, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

### I. Background

On January 24, 2019, Rembrandt Wireless Technologies, LP ("Rembrandt") brought suit against Apple alleging infringement of U.S. Patent No. 8,457,228 and U.S. Patent No. 8,023,580 (collectively, the "Asserted Patents"). (Dkt. No. 1.) On April 15, 2019, Rembrandt brought similar suits for infringement of the Asserted Patents against Broadcom Inc. and Broadcom Corp. (collectively, "Broadcom") and Qualcomm Inc. ("Qualcomm") in the Central District of California. (Dkt. Nos. 56-18, 56-19.) Most of the Apple products accused of infringement in this action incorporate the accused functionality by means of chips manufactured by Broadcom or

Qualcomm. (Dkt. No. 30-1 ¶¶ 11–13.) Apple now seeks transfer of this action to the Central District of California where the actions against Broadcom and Qualcomm are pending.

## II. Legal Standard

If venue in the district in which the case is originally filed is proper, the court may nonetheless transfer a case based on "the convenience of parties and witnesses" to "any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The threshold inquiry when analyzing eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*].

Once this initial threshold has been met, courts determine whether the case should be transferred by analyzing various public and private factors. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *accord In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are to be decided based on "the situation which existed when suit was instituted." *Hoffman*, 363 U.S. at 343. Though the private and public factors apply to most transfer cases, "they are not necessarily

exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) [hereinafter *Volkswagen II*].

To prevail on a motion to transfer under § 1404(a), the movant must show that transfer is "clearly more convenient" than the venue chosen by the plaintiff. *Id.* at 315; *accord In re Apple Inc.*, 456 F. App'x 907, 909 (Fed. Cir. 2012) (holding that a movant must "meet its burden of demonstrating [] that the transferee venue is 'clearly more convenient.'") (internal citation omitted). Absent such a showing, plaintiff's choice of venue is to be respected. *Volkswagen II*, 545 F.3d at 315. When deciding a motion to transfer under § 1404(a), the court may consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. *See Sleepy Lagoon, Ltd., v. Tower Grp., Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011); *see also Cooper v. Farmers New Century Ins. Co.*, 593 F. Supp. 2d 14, 18–19 (D.D.C. 2008). In determining a motion to transfer venue under § 1404(a), the Court looks to "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

**III. Discussion**

The parties do not dispute that this action could have been brought in the Central District of California. However, having considered the private and public interest factors the Court concludes that Apple has failed to meet its burden to show that transfer to the Central District of California is clearly more convenient.

**A. Private Interest Factors**

**1. Ease of Access to Sources of Proof**

The Court finds that the ease of access to sources of proof weighs against transfer. As an initial matter, the Court notes that Apple's argument that this factor favors transfer relies almost

3

exclusively on the location of potential witnesses. However, this factor focuses on "documents and physical evidence," not witnesses. *Volkswagen II*, 545 F.3d at 316.

Apple has proffered evidence that relevant marketing, technical, and financial documents in Apple's custody or control are located in California. (Dkt. No. 30-1 ¶¶ 24–26.) Apple also asserts that relevant documents may be in the possession of Broadcom, Qualcomm, and other potentially relevant witnesses, each of which are located in California. (Dkt. No. 30 at 9–12.)

Rembrandt counters that evidence under the control of Apple, Broadcom, and Qualcomm is scattered beyond California, including at a large Apple facility in Israel. (Dkt. No. 56 at 4–6.) Rembrandt also argues that its own sources of proof are located at its headquarters in Pennsylvania and at the offices of its attorneys in Pennsylvania. (*Id.* at 7.) Additionally, documents in the possession of the inventor of the Asserted Patents, Gordon Bremer, are located in Florida. (*Id.*)

The Court finds that Apple's sources of proof located in Israel weigh only slightly against transfer because such sources of proof "will be traveling a great distance no matter which venue the case is tried in and will be only slightly more inconvenienced by" by transfer. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Taking the remaining sources of proof together—with sources of proof related to the defendant and the accused technology located primarily on the West Coast and sources of proof related to the plaintiff and the Asserted Patents on the East Coast—and noting that the present forum is roughly equally convenient to all these sources of proof, the Court finds that transfer for the convenience of Apple's sources of proof would raise a commensurate inconvenience on Rembrandt's sources of proof.[1] Accordingly, the Court finds that this factor weighs against transfer.

---

[1] The Court does not rely on its centralized location *per se* in finding that this factor weighs against transfer. *See Genentech*, 566 F.3d at 1344. Rather the Court notes that transfer would unfairly work an inconvenience on one party for the benefit of the other. In this manner, the Court finds this case

4

## 2. Availability of Compulsory Process

The Court finds that this factor weighs slightly in favor of transfer. Apple argues that Apple, Broadcom, and Qualcomm each have employee–witnesses in California that would be subject to compulsory process in the Central District of California. (Dkt. No. 30 at 12–13.) However, Apple does not identify who any of these witnesses are. (*Id.*) As to these unidentified witnesses, Apple necessarily cannot explain "the foreseeability that a *particular* witness would be deposed, called to trial, or both." *Diem LLC v. BigCommerce, Inc.*, 2017 WL 6729907, at *3 (E.D. Tex. Dec. 28, 2017); *see also Stingray Music USA, Inc. v. Music Choice*, No. 2:16-cv-964-JRG-RSP, 2017 WL 1022741, at *3 (E.D. Tex. Mar. 16, 2017) (according little weight to unnamed potential witnesses). The only two witnesses subject to compulsory process that are particularly identified are Steven Hall and Paul Castor.[2] (Dkt. No. 30 at 13.) Mr. Hall appears to have relevant information regarding the development of Broadcom's accused chips. By contrast, Mr. Castor's knowledge of the destruction of potentially relevant documents is unlikely to be presented to a jury at trial because such evidentiary issues are generally reserved for the Court's consideration. "Moreover, the availability of depositions within 100 miles of where these . . . witnesses live and work further diminishes the importance of the subpoena power." *Stingray*, 2017 WL 1022741, at *3. Accordingly, the Court finds that this factor weighs only slightly in favor of transfer.

---

distinguishable from *Genentech* where the party opposing transfer was a foreign corporation whose travel to *any* U.S. forum would have been inconvenient regardless. *Id.* at 1345.

[2] The Court notes that Apple also identifies Mr. Castor and Mr. Hall as *willing* witnesses, the convenience of whom should be considered under the third private interest factor. (Dkt. No. 30 at 10.) Witnesses are either willing or unwilling witnesses and accordingly may be considered under one factor or the other, but not both. The lack of clarity as to whether compulsory process would be required to secure the testimony of Mr. Castor or Mr. Hall further diminishes the weight of this factor.

### 3. Convenience of the Witnesses and Parties

As discussed above, the Court finds that transfer to the Central District of California for the convenience of Apple and its potential witnesses would work a commensurate inconvenience on Rembrandt and its potential witnesses. Accordingly, the Court finds that this factor weighs against transfer.

### 4. **Judicial Economy**

Apple notes that related litigation against Rembrandt and Qualcomm is currently pending before the Central District of California. (Dkt. No. 30 at 8.) Therefore, Apple argues, transfer to that District would serve judicial economy and avoid the potential for inconsistent judgments. (*Id.* at 8–9.) While the Court might otherwise be inclined to agree with Apple, this action was filed some four months before the actions in the Central District of California. Venue is determined at the time of the filing of the action. *Hoffman*, 363 U.S. at 343. Therefore, the Court cannot consider the existence of the later-filed Rembrandt and Qualcomm lawsuits in its venue analysis.

Rembrandt in turn points to the prior *Samsung* litigation before this Court, *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213-JRG (E.D. Tex.), during which the Court gained an intimate familiarity with the Asserted Patents. (Dkt. No. 56 at 12–14.) The Court agrees with Rembrandt that the Court's familiarity with the subject matter of this dispute will promote judicial economy. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1346–47 (Fed. Cir. 2010). Accordingly, this factor weighs against transfer.

### B. Public Interest Factors

#### 1. Administrative Difficulties

"The speed with which a case can come to trial and be resolved" favors venue in this Court over the Central District of California. *In re Genentech*, 566 F.3d at 1347. The median time to

6

trial for patent cases in this District is 639 days versus 813 days in the Central District of California. (Dkt. No. 57-25 at 1, 9.) Accordingly, this factor weighs against transfer.

## 2. Local Interest

Apple asserts that there is a local interest in this issue being resolved in the Central District of California. (Dkt. No. 30 at 14–15.) Apple is not headquartered in the Central District of California. (Dkt. No. 1 ¶ 3.) Apple argues instead that this action calls into question the "work and reputation" of Broadcom and Qualcomm, who each have a presence in the Central District of California. (Dkt. No. 30 at 14 (citing *In re Hoffman-La Roche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)).) However, Apple has not identified any *individuals* whose reputations have been implicated by this action or how. *See Hoffman-La Roche*, 587 F.3d at 1336 (noting that local interest is strong where "the cause of action calls into question the work and reputation of several individuals residing in or near that district").

Moreover, Rembrandt has not alleged wrongdoing against Broadcom or Qualcomm at all. Rather, Rembrandt asserts patent infringement against Apple for manufacturing, using, selling, importing, exporting, or offering for sale allegedly infringing Apple products. (*See, e.g.*, Dkt. No. 1 ¶¶ 28–29.) It is not the plaintiff's "cause of action," but the defendant, that "calls into question" Broadcom and Qualcomm's conduct. *Hoffman-La Roche*, 587 F.3d at 1336. The Court does not find that a defendant's assertion of the un-alleged conduct of a non-party is sufficient to create a local interest in the actual dispute alleged. Accordingly, the Court finds that this factor is neutral.

## 3. Other Public Interest Factors

Both this District and the Central District of California are familiar with the law that will govern this case and no issues of conflict of laws exist. Accordingly, the Court finds that these factors are neutral.

Reviewing each of the private and public interest factors, four factors weigh against transfer, one factor weighs slightly in favor of transfer, and the remainder are neutral. Thus, Apple has not demonstrated that the Central District of California is a clearly more convenient forum.

## IV. Conclusion

For the reasons set forth herein, Apple's Motion to Transfer Venue (Dkt. No. 30) is **DENIED**. Apple's Unopposed Motion for Oral Hearing (Dkt. No. 71) is likewise **DENIED**.

**So ORDERED and SIGNED this 27th day of November, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE