**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| REMBRANDT WIRELESS TECHNOLOGIES, LP,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 2:19-cv-00025-JRG<br><br>Hon. Rodney R. Gilstrap<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO STAY PROCEEDINGS

Defendant Apple Inc. ("Apple") respectfully moves this Court to stay all proceedings pending the United States Court of Appeals for the Federal Circuit's resolution of Apple's petition for writ of mandamus. In its petition, Apple asks the Federal Circuit to vacate this Court's orders denying Apple's motions to stay and transfer, and to remand with instructions to stay the proceedings pending final judgment in the Broadcom and Qualcomm cases or alternatively to transfer this case to the Central District of California for coordination with those suits. On January 9, 2020, the Federal Circuit entered an expedited order directing Plaintiff, Rembrandt Wireless Technologies, LP ("Rembrandt"), to respond to Apple's petition no later than January 16, 2020, and further ordered that Apple file any reply within three days thereafter.

Apple respectfully submits that a stay pending resolution of Apple's petition is warranted to prevent prejudice to Apple and to conserve the parties' and the Court's resources. Currently, expert disclosures are due on January 27, 2020 (also the date for close of fact discovery), rebuttal expert disclosures on February 17, 2020, expert discovery is due to close on March 2, 2020 (also the deadline for filing dispositive motions), and pretrial disclosures are due March 23, 2020.

1

Multiple depositions are scheduled for this month. A stay would simplify the issues by giving the parties and the Court clarity, before exchanging expert materials, deposing experts, and briefing dispositive motions, as to which, if any, claims will go forward in this Court, and which will be stayed or transferred.

## I.     BACKGROUND

On May 22, 2019, Apple filed its Motion to Transfer Venue ("Motion to Transfer") (Dkt. No. 030). The Motion to Transfer requested that the Court, pursuant to 28 U.S.C. § 1404(a), transfer the lawsuit to the Central District of California. The parties completed their briefing on the Motion to Transfer on August 19, 2019. (*See* Dkt. No. 064.)

On November 1, 2019, Apple filed its Motion to Stay Pursuant to the Customer-Suit Exception ("Motion to Stay").

On November 27, 2019, the Court issued separate opinions denying the Motion to Transfer and the Motion to Stay.

On January 7, 2020, Apple filed its petition for writ of mandamus with the Federal Circuit. As noted above, the Federal Circuit ordered expedited briefing, with Rembrandt to respond to the mandamus petition by January 16, 2020, and Apple to reply within three days thereafter.

## II.    LEGAL STANDARD

This Court may stay trial proceedings pending resolution of a petition for writ of mandamus to the Court of Appeals. *See Genentech, Inc. v. Sanofi-Aventis Deutschland GMBH,* No. C 08-4909, 2009 WL 1313193, at *2 (N.D. Cal. May 12, 2009) (staying all proceedings pending resolution of mandamus petition in related case); *Ruppert v. Principal Life Ins. Co.,* No. 06-cv-903, 2007 WL 2025233, at *8 (S.D. Ill. July 9, 2007) (staying order of transfer pending resolution of petition for writ of mandamus); *see also In re U.S. Dep't of Homeland Security,* 459 F.3d 565,

568 (5th Cir. 2006) (granting emergency motion to stay pending disposition of petition for writ of mandamus).

In evaluating a motion to stay pending disposition of a writ of mandamus, courts apply the same four-factor balancing test that governs stays pending direct appeal: (1) the likelihood that the party seeking the stay will prevail on the merits of the petition; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed by a stay; and (4) the public interest in granting the stay. *See In re First South Sav. Ass'n,* 820 F.2d 700, 709 (5th Cir. 1987); *see also Cuomo v. U.S. Nuclear Regulatory Comm'n,* 772 F.2d 972, 974 (D.C. Cir. 1985). Importantly, each of these factors need not be given equal weight. *Standard Havens Prods., Inc. v. Gencor Indus., Inc.,* 897 F.2d 511, 513 (Fed. Cir. 1990). Rather, "the four stay factors can effectively merge," in that the court "assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *Id.*

## III.   ARGUMENT

Apple respectfully submits that a stay of proceedings pending the Federal Circuit's decision on Apple's writ petition is necessary and appropriate. The likely simplification of the issues in this case, and the conservation of party and judicial resources across multiple districts, makes this the optimal approach.

### A.   Apple Likely Will Prevail on the Merits of Its Writ Petition

Apple likely will succeed on the merits of its writ petition. Well-established precedent holds that the customer-suit exception may be applied to avoid the prospect of multiple district courts resolving substantially similar claims and issues. Here, the Court declined to stay the case based on the possibility that the California cases would not totally resolve the litigation, and also declined to transfer to allow full resolution of this case with the California cases. The Federal

Circuit is likely to intervene to prevent the resultant unnecessary expenditure of judicial and party resources.

Broadcom and Qualcomm are the "true defendants" with respect to the core issues of infringement and validity as to 95% of the products at issue in this case. Additionally, Apple has agreed to be bound by the outcomes of the California cases as to the remaining 5% of the accused products—products against which Rembrandt has lodged nearly identical allegations as the other 95% based on the exact same section of the Bluetooth standard. In analogous situations, the Federal Circuit has granted petitions for writs of mandamus. *See In re Nintendo of Am., Inc.,* 756 F.3d 1363 (Fed. Cir. 2014) (granting petition for writ of mandamus of a denial of a motion to sever and transfer where Nintendo was the "true defendant" for purposes of infringement liability); *In re Google Inc.,* 588 F. App'x 988 (Fed. Cir. 2014) (granting petition for writ of mandamus of a denial to stay due to potentially different implementations of the Android platform in customer phones).

Much like in *Google*, the possibility that there may be as-yet-unalleged differences in the minority Apple products is too speculative to justify denial of the relief sought in Apple's motions. At a minimum, transfer or stay eliminates the risk of inconsistent infringement outcomes as to the same products utilizing the Broadcom and Qualcomm chips. And even if the Court eventually has to make liability determinations as to the 5% of the products using Apple chips, the scope of issues will be narrow in comparison to, and independent from, the overwhelming majority of infringement and validity determinations.

Because the Federal Circuit, as in *Nintendo* and *Google,* is likely to recognize the tremendous efficiency gains of stay or transfer, Apple is likely to prevail on the merits of its writ petition.

### B. A Stay Is Warranted To Prevent Harm to Apple and To Conserve Party and Judicial Resources

As detailed in both the Motion to Transfer and the Motion to Stay, Apple has and continues to suffer prejudice by having to litigate a largely duplicative case, as well by having to litigate in an inconvenient forum. *See In re EMC Corp.,* 501 F. App'x 973, 975-76 (Fed. Cir. 2013) ("Congress' intent 'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense' may be thwarted where defendant is subject to extended litigation prior to resolution of its transfer motion.") (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964)); *In re Nintendo,* Misc. No. 151, 544 F. App'x 934, 941 (Fed. Cir. Sept. 25, 2013) ("[T]his Court has specifically recognized the importance of addressing motions to transfer at the outset of litigation.") (internal quotation marks omitted); *DietGoal Innovations LLC v. El Pollo Loco Inc.,* No. 12-cv-568, 2013 WL 3760125, *1 (E.D. Tex. July 16, 2013) ("Timely motions to transfer venue 'should [be given] a top priority in the handling of [a case]….'") (quoting *In re Horseshoe Entm't,* 337 F.3d 429, 433 (5th Cir. 2003)).

Given the case schedule, Apple cannot realistically expect a decision from the Federal Circuit before the close of discovery and cannot even be sure a decision will issue before the dispositive motion deadline on March 2, 2020. A stay serves all parties and the Court by conserving resources during the short period during which the Federal Circuit is likely to decide Apple's petition. Otherwise, the parties and the Court risk wasting considerable time and resources should the Federal Circuit grant the writ. As such, the prudent course is to enter a stay pending final resolution of the writ petition. *See ACF Indus., Inc. v. Guinn,* 384 F.2d 15, 19 (5th Cir. 1967) (explaining that a stay provides an important "means of avoiding unnecessary duplication of judicial machinery.")

### C. No Party Will Suffer Substantial Harm From a Stay

Issuance of the requested stay will not harm any party. Rembrandt does not compete with Apple in the marketplace. Rembrandt is a non-practicing entity that seeks only damages, not injunctive relief. *See* Dkt. No. 1 at 19-20. Further, the patents have expired, as Rembrandt waited years after its acquisition of those patents to sue Apple. Thus, in this particular circumstance, Rembrandt's right to timely enforcement of its patent rights is far outweighed by the risk of inconsistent verdicts and wasted resources arising from the current case schedule and posture.

### D. The Public Interest Favors a Stay

Finally, the public interest favors a stay. While Apple acknowledges the public interest in speedy resolution of disputes, the expired status of the patents in this case and Rembrandt's non-participation in this market substantially diminish that interest here. In contrast, a modest stay pending resolution of Apple's writ satisfies both the public's interest in the efficient use of judicial resources and the Federal Circuit's "strong preference to avoid duplicative litigation." *Google, supra* at 990.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court stay all proceedings in this Court pending the Federal Circuit's decision on the petition for writ of mandamus, and grant Apple such other and further relief as the Court may deem appropriate.

Dated: January 13, 2020

Respectfully submitted,

*/s/ David E. Sipiora*
David E. Sipiora
(CO Bar No. 29759)
(Eastern District of Texas Member)
Edward J. Mayle
(CO Bar No. 50920)
(*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP

6

1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
tmayle@kilpaticktownsend.com
dsipiora@kilpatricktownsend.com

Russell A. Korn
(GA Bar No. 428492)
(Eastern District of Texas Member)
Andrew N. Saul
(GA Bar No. 627607)
(Eastern District of Texas Member)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
rkorn@kilpaticktownsend.com
asaul@kilpatricktownsend.com

Melissa R. Smith
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

James R. Batchelder
(CA Bar No. 136347)
(Eastern District of Texas Member)
Mark D. Rowland
(CA Bar No. 157862)
(Eastern District of Texas Member)
Gabrielle E. Higgins
(CA Bar No. 163179)
(Eastern District of Texas Member)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
James.Batchelder@ropesgray.com
Mark.Rowland@ropesgray.com
Gabrielle.Higgins@ropesgray.com

Josef B. Schenker

7

                (NY Bar No. 4935185)
                (Eastern District of Texas Member)
                Jolene L. Wang
                (NY Bar No. 5462619)
                (Eastern District of Texas Member)
                ROPES & GRAY LLP
                1211 Avenue of the Americas
                New York, NY 10036-8704
                Telephone: (212) 596-9000
                Facsimile: (212) 596-9090
                Josef.Schenker@ropesgray.com
                Jolene.Wang@ropesgray.com

                *Counsel for Defendant Apple. Inc.*

9

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 13, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Apple has complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.  The personal conference required by Local Rule CV-7(h) was conducted on January 13, 2020.  No agreement could be reached because the parties disagreed on the merits.  Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Melissa R. Smith*

72892247V.1